WALTER WASHINGTON v. STATE.

No. 382.    Opinion Filed May 25, 1909.

(101 Pac. 863.)

1.    VENUE—Right to Change—Misdemeanor Before County Court.
      The laws of Oklahoma (Sess. Laws 1903, p. 220, c. 25, art. 1) pro-
      viding for a change of venue have no application to misdemeanor
      cases before county courts.

2.    INTOXICATING LIQUORS—Criminal Prosecution—Evidence—
      Sufficiency.  See opinion for evidence held to be sufficient to sus-
      tain a conviction for violation of a provison of the prohibition
      ordinance of the Constitution.

      (Syllabus by the Court.)

*Error from Pushmataha County Court; L. P. Davenport, Judge.*

Walter Washington was convicted of an unlawful sale of in-
toxicating liquor, and brought error to the Supreme Court, whence
the cause was transferred to the Criminal Court of Appeals.  Af-
firmed.

The plaintiff in error, Walter Washington (hereinafter desig-
nated defendant), was on the 13th day of July, 1908, in the
county court of Pushmataha county, tried and convicted upon
an information charging that said defendant "did in said county
and state, on or about the ———— day of December, 1907, unlaw-
fully sell, barter, and furnish to John Bryan two quarts of whis-
ky."  The court sentenced him to be imprisoned in the county
jail of said county for 30 days and to pay a fine of $100 and
costs.  On September 8, 1908, defendant filed his petition in error,
case-made, and proof of service of notice of appeal on Charles
D. Mixon, clerk of the county court, and A. J. Arnote, county
attorney of said county, with the clerk of the Supreme Court.  Up-
on the organization of the Criminal Court of Appeals, said cause
was duly transferred to this court, as by law provided.  At the
March, 1909, term, said cause was submitted.

*G. R. Wilcox,* for plaintiff in error.

*Fred S. Caldwell,* for the State.—On question of change of venue in county court: *Garrison v. Territory* (Okla.) 76 Pac. 182.

DOYLE, JUDGE. (after stating the facts as above). The first proposition presented by defendant's brief is that the court erred in overruling his application for a change of venue, "for the reason that said defendant had fully complied with the act of 1903 (Sess. Laws Okla. p. 220)." We do not think that this contention is well founded. Section 1, art. 1, c. 25, p. 220, Sess. Laws 1903, provides that "any criminal cause pending in the district court may, at any time before the trial is begun, on the application of the defendant, be removed from the county in which it is pending to some other county in said judicial district," etc. It is clear from a reading of the statute that it has no application to misdemeanor cases in county courts, and an application for a change of venue in a misdemeanor case when district courts had jurisdiction of misdemeanors was unheard of. The law of this state is liberal in its provisions for a change of judge, but it is absurd to argue that this law contemplates changes of venue in misdemeanor cases before county courts.

Defendant's next contention is based on his seventh, eighth, and ninth assignments of error, and questions the ruling of the trial court with reference to the admissibility of certain testimony. The evidence in this case is certainly not as satisfactory as it might be. However, it is unnecessary to consider any of the testimony other than the defendant's in order to sustain the verdict. The defendant, testifying in his own behalf, states that his home was at Durant; that he had been at Antlers since about the 1st of November, 1907; that he came there to go hunting in the mountains with one J. N. Dupree, who, the record shows, in May commenced serving a sentence in the state penitentiary; that said Dupree asked him to spend the winter with him at Antlers; that said Dupree at this time was the proprietor of a pool hall in said town, and that defendant stayed around there some; that in the

absence of Dupree, and while defendant was in charge of said pool hall, one "John Bryan came to Dupree's place of business after the whiskey, and asked me when he came in if there was any whisky there, and I replied to him that, if he had a search warrant, he might be able to find some"; that John Bryan "then went around and opened a drawer in one of the cigar cases and got the whisky and put it in his raincoat, and went away." Under this testimony (which we consider to be a clear admission of guilt on the part of the defendant as to the offense charged) it is unnecessary to discuss the other questions in the case. It shows the defendant was in the actual possession of the premises of Dupree at the time that Bryan came there and secured the whisky, and that he took said whisky with the consent at least of said defendant. The record discloses this case to be a repetition of the story of "Old Dog Tray." On his own evidence defendant is guilty.

For this reason, the judgment of the county court of Pushmataha county is hereby affirmed, with directions to carry out the judgment and sentence of the court.

FURMAN, PRESIDING JUDGE, and BAKER, JUDGE, concur.